FRED C. AIKEN, as Mayor of the Town of Boca Raton, Florida, et al., *Plaintiffs in Error*, vs. E. B. DAVIS, INC., a Florida Corporation, *Defendant in Error*.

143 So. 658.

En Banc.

Opinion filed September 16, 1932.

Petition for rehearing denied October 25, 1932.

*Metcalf & Finch*, for Plaintiffs in Error;

*J. R. Bullock*, for Defendant in Error.

PER CURIAM.—Defendant in error prosecuted a mandamus proceeding against the plaintiff in error as respondent in the Circuit Court of Palm Beach County for the purpose of enforcing the issuance to it of a permit to erect a filing station on lot five, block twenty-seven of the town of Boca Raton. A peremptory writ of mandamus resulted and this writ of error is to that decree.

Several assignments in this Court are predicated on the sole error to the effect that the court below erred in granting the peremptory writ and in entering final judg-

ment. The cause now comes on to be heard on the motion of plaintiff in error to quash the peremptory writ entered by the court below, said motion having been made more than eighteen months after the writ of error was perfected in this Court.

We find no authority for such a motion but in reaching this conclusion we have necessarily concluded ourselves on the merits of the cause. The record having been examined and no reversible error made to appear, the judgment below is affirmed notwithstanding the pendency of the petition for oral argument.

Affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

ELLIS AND DAVIS, J.J., concur specially.

DAVIS, J. (Concurring).—The Town of Boca Raton, Florida, is a municipal corporation organized and existing under and by virtue of Chapter 13922, Acts of 1929. For the purposes of this case the Circuit Judge accepted the city's contention that the charter gave the right to the city to pass a zoning ordinance, but nevertheless issues a peremptory writ of mandamus to compel the city to issue a permit to the relator for the erection of a filing station, holding in so doing, that the action of the municipality in adopting a zoning ordinance forbidding filling stations, *after* the alternative writ of mandamus in this case was issued, amounted to an unreasonable and arbitrary act by the city commission, which could not prevail as against the relator's rights to a permit, acquired by the pendency of his application and original mandamus proceeding when the zoning ordinance was finally passed, apparently, so the Circuit Judge held, to apply principally to defeat relator's original mandamus.

At the time application for relator's permit was made,

no zoning ordinance had been put into effect, but a general plan of zoning the town had been agreed on by the Council. After relator's application for a filling station permit was made, but before his suit was instituted, an *emergency* ordinance was passed by the Town Council, placing relator's lot in a residence district wherein the operation of a filling station was prohibited. Subsequently thereto, and long before the final hearing of the cause was had, a zoning ordinance was finally adopted and placed into effect. The coming into effect of this zoning ordinance before issuance of a peremptory writ, is what is relied on by respondent municipality to defeat the issuance of a peremptory writ which admittedly would have been properly grantable had this "emergency" ordinance not been passed and become effective.

In discussing this action of the City Council in claiming the benefit of its "emergency" action as against the rights of relator, claim for which was set in motion by the application, before the ordinance was adopted, Judge Chillingworth in his opinion states: "I am of the opinion that, in so far as it affects relator and the particular land in question, the municipality acted unreasonably and arbitrarily. The actions of the municipality are sufficient to overcome the presumption that the ordinance —as it affects relator—was in any way prompted by consideration of public safety, health, welfare or morals, thereupon, it is ordered and adjudged that the motion for a peremptory writ be granted."

In my view of the case, the final adoption of the ordinance here involved *in so far as it is attempted to apply it to the relator's already pending mandamus for a permit, and not prospectively* for future operation, is in contemplation of law an attempted judicial decree by the legislative power of the city against the then existing rights of the relator, and therefore that such

ordinance as applied to relator, is unreasonable and arbitrary, as held by the Circuit Judge. See Thursby vs. Stewart, 138 So. text page 752, opinion by Whitfield, J. I concur in the preceding opinion as well as the judgment of affirmance.

BUFORD, C.J., AND WHITFIELD AND BROWN, J.J., concur.

ELLIS, J. (Concurring).—The case presented here involves the validity of a so-called zoning ordinance adopted by the Town of Boca Raton, which has a population of about four hundred and fifty residents according to the allegations in the pleadings, in so far as such ordinance applies to E. B. Davis, Inc., a Florida Corporation, the owner of a lot in the town upon which the Corporation desired to erect a "filling station."

The Corporation's application for a permit was denied by the town authorities upon the ground that such a structure upon the designated lot would contravene the purpose and inhibitions of an ordinance adopted by the town government in the exercise of its police power to enact zoning regulations, which power was vested in the town by its charter, Chapter 13922 Laws of Florida 1929.

The Circuit Judge, to whom application was made by the Davis Corporation for a writ of mandamus to compel the officials of the town to grant to the applicant a permit to erect a filling station upon the lot designated in the application, after answer to the alternative writ, granted a peremptory writ upon motion. In the order granting the writ the learned Judge said:

> "Viewing this record and considering the nature, area and population of the municipality, I am of the opinion that, in so far as it affects relator and the particular land in question, the municipality acted unreasonably and arbitrarily. The actions of the municipality are sufficient to overcome the presumption that the ordinance—as it affects relator— was in any

way prompted by consideration of public safety, health, welfare or morals.''

I agree fully with that conclusion and think that the law of the case was stated by him clearly. Zoning ordinances in this country are a matter of comparatively recent development in the law of municipal corporations. The desire for order, health and beauty is at the base of such ordinance and much may be said, as has already been said by courts and text writers in support of the exercise of that particular phase of police power, but, as in many instances of the exercise of such power, it not infrequently happens that the persons attempting to exercise the power appear to be ''more critical than correct,'' as England's great Prime Minister, Disraeli, once said.

While the purpose of zoning laws is to regulate, systematize and stabilize the growth of cities and towns by districts and thus promote general order, convenience, health and beauty, the latter consideration often dominates in the enactment of such ordinances. Public art, architectural harmony and beauty, aesthetic matters often are the controlling consideration and reflect the whim, caprice or aesthetic taste of the ordinance-making board or town council, which of course is unsatisfactory as the true purpose of the exercise of the power is not thus attained. In all the circumstances of this case, the population of the town, the obvious lack of any emergency existing in the interest of public health or convenience, the existence of no such extensive and complex ordinance when the application was made for the permit, the hasty passage of the ordinance while the application for a permit was pending, and the ordinance itself, suitable to a city many times the size of Boca Raton, lead me to adopt the conclusion of the learned Judge.