In the Matter of the Application of MORRIS DUBOW, Petitioner for a Peremptory Order of Mandamus against WILLIAM K. ROSS, as Mayor, HAROLD E. DANA, as Clerk, and RALPH THOMPSON, as Building Commissioner and Inspector of the Incorporated Village of Lynbrook, Long Island, Respondents.

Supreme Court, Nassau County, July 12, 1938.

*Michael LeVine*, for the petitioner.

*Edgar F. Hazelton*, for Fandale Realty Corporation, the intervening petitioner.

*Ralph W. Alpher*, for the respondents.

CUFF, J.  I find (1) that on November 10, 1937, petitioner rented property in the industrial zone in the village of Lynbrook; (2) that on or about November 10, 1937, he applied to the proper authorities for a permit to conduct an automobile wrecking business; (3) that on November 18, 1937, having received an application blank, he duly filed it; (4) that at that time there was no restriction in the industrial zone against the business that petitioner intended to carry on; (5) that the fingerprint report was returned to the village office on November 26, 1937, with approval of the application by the police commissioner as of that date; (6) that nothing further remained to be done from November 26, 1937, but to issue the permit; (7) that the officials of the village willfully withheld and refused to issue the permit because they deemed it to be against the best interests of the village to have an automobile wrecking business on the site proposed and they prepared an amendment to the Zoning Law that would prohibit such business but that it required until December 6, 1937, to legally adopt that

amendment; (8) that the delay and refusal to issue the permit were to prevent petitioner from acquiring a status that would give him a vested right; (9) that the officials aforesaid were motivated by what they considered the best interests of the village that they represented but they exceeded their authority in not issuing the permit which was applied for in ample time to have been issued before December 6, 1937, the date when the prohibitory amendment took effect.

Judgment for the petitioner.