HARRY HARRIS, as City Clerk of City of Panama City, and J. R. ASBELL, as Mayor of the City of Panama City, and J. R. ASBELL, et al., as and constituting the Board of City Commissioners of the City of Panama City, v. STATE OF FLORIDA, ex rel., G. E. WESTER.

31 So. (2nd) 264

June 24, 1947

June Term, 1947

Division B

*Charles S. Isler,* for appellants.

*J. M. & H. P. Sapp,* for appellee.

BUFORD, J.:

The appeal brings for review judgment awarding peremptory writ of mandamus against the appellants constituting the Board of City Commissioners of the City of Panama City requiring them to issue to the appellee G. E. Wester a proper license to sell and vend alcoholic beverages regardless of alcoholic content at No. 2 Harrison Avenue, Panama City, Florida.

The record shows that on November 12, 1946, appellee applied to appellants as the proper officers of Panama City, Florida, for a license to sell alcoholic begerages regardless of alcoholic content at the above stated location; that appellants refused to issue such license because by the then existing ordinance No. 283 the City Commission was prohibited to "grant to any applicant a license for the sale of beverages containing more than 20% alcoholic contents in excess of one license to each 600 persons in the City of Panama City according to the last Federal census."

On November 20, 1946, appellee filed his petition for writ of mandamus in which he challenged the validity of the provision of the ordinance No. 283, supra, and alleging that in all respects he was entitled to receive a license authorizing him to engage in the business, supra at the place designated.

Alternative writ of mandamus was issued and served on the appellants-respondents. Thereafter, on December 10, 1946, the appellants made and adopted and passed ordinance No. 340 in which they declared in the first paragraph of the preamble thereto that "an emergency exists with respect to the prospective issuance of licenses for the sale of alcoholic beverages because of the numerous applicants for such licenses." The preamble then set out the reasons why the Commission deemed it expedient to adopt the provisions of the ordinance and the last paragraph of the preamble said:

"WHEREAS, the City Commission of the City of Panama City has determined that this ordinance is an emergency measure and is for the immediate preservation of the public peace, property, health and safety of the City of Panama City and its citizens; now, therefore,"—

Section 1 of the Ordinance provided:

"That all of the area lying within the corporate limits of the City of Panama City is hereby zoned into two separate zones for the purpose of regulating the locations of places of business selling or offering to sell alcoholic beverages containing alcohol of more than 14% by weight. Zone One shall be that area within the City of Panama City described as follows, to-wit:"

Then follows a description of the zone which included the location for which appellee had applied for license, and it then provided "Zone Two shall be all the other area within the corporate limits of the City of Panama City not included in Zone one."

Section 2 of the Ordinance provided:

"No license shall be issued for the sale of alcoholic beverages containing alcohol of more than 14% by weight in Zone One if the place of business of the applicant for such license is situated less than 500 feet from an established licensee, church or school."

Section 6 of the Ordinance provided:

"This ordinance shall not be construed or held to affect the rights of any existing established licensee, of the successor or assigns with respect to location of any existing established

licensee. The City of Panama City regards any existing established licensee, or the successor in location of any existing established licensee as having the right to a renewal of such license, if the applicant is in all other respects qualified to receive such license."

On December 18, 1946, applicants filed their answer and return to the alternative writ in which they admitted they were respectively Clerk and City Commissioners of the City of Panama City, Florida. They admitted that appellee had applied for the issuance of license for the sale of alcoholic beverages as alleged in the writ and that he had tendered the proper amount of money for the issuance of such license. They admitted that at the time of the issuance of the alternative writ of mandamus there was no ordinance of the City of Panama City which would prohibit the issuance of such license other than ordinance No. 283, supra. They admitted that the existence of this ordinance, coupled with the fact that all licenses which can be issued thereunder had already been issued at the time of appellee's application for such license, was the reason why they had not issued the license as applied for. They then aver that since the issuance of the alternative writ of mandamus the City Commission adopted on December 10, 1946, ordinance No. 340 supra, and alleged that appellee's proposed place of business, No. 2 Harrison Avenue, Panama City, Florida, was within Zone No. One as set forth in said ordinance and that appellee should not be granted a license for the sale of alcoholic beverages containing alcohol of 14% or more by weight because his proposed place of business is within 500 feet of a place of business operated by one L. M. Gilbert and known as Bayshore Bar and Cafe situated on the northeasterly corner of Harrison Avenue and Beach Drive, Panama City, Florida, and that Bayshore Bar and Cafe is an existing established licensee under the terms of ordinance No. 340.

The Court below held the answer and return insufficient and awarded peremptory writ. Appellants appealed.

It is conceded that under the holding of this Court in the case of City of Miami v. Kichinko 156 Fla. 128, 22 So. (2nd) 627, ordinance No. 283, supra, was invalid and, therefore, at

the time the license was applied for there was no existing valid reason why it should not have been issued.

It also may be said to be conceded that ordinance No. 340, supra, is a good and valid ordinance under our opinion and judgment in the case of State ex rel. Dixie Inn v. City of Miami, 156 Fla. 784, 24 So. (2nd) 705 as to all those cases as to which it may lawfully be applied but that it cannot be lawfully applied to the appellee because of the facts and circumstances antecedent to and surrounding the adoption of the ordinance and for this rely on our opinion and judgment in the case of State ex ral. Keffe et al. v. City of St. Petersburg, 106 Fla. 742, 145 So. 175, in which case we said:

"In this case the alternative writ was issued against the city and its officials named as respondents to it. The object of the writ is to enforce a personal vested right which the relator has against the municipal corporation respondent. In Aiken v. E. B. Davis, Inc., 106 Fla. 675, 143 So. Rep. 658, it was held by a majority of this court that the rights of a relator in a mandamus suit, claim for which was asserted by an alternative writ granted and served prior to action taken by the respondent city and its officials in an effort to avoid having to comply with its commands, would be affected by any such subsequent action, and that a peremptory writ would issue in accordance with the alternative writ though the action taken, had it occurred before the issuance of the alternative writ, would have been a good defense."

Appellants admit that this enunciation was that a good law in the Keefe case and in the Aiken case therein cited.

Appellants' chief contention appears to be that because a liquor license is involved in this case legal principles applicable to other cases are not applicable here.

We do not concur in this view.

Under our construction of the law, the liquor business is a legitimate business, protected under the law the same as any other lawful business and the operator engaged in the liquor business so long as he respects and obeys the law, is entitled to enjoy the protection of the law and to have his legal rights adjudicated under established legal principles without bias or prejudice.

In the Aiken case, supra, the ordinance involved had been passed after the relator's application for a filling station permit was made but before his suit in mandamus was instituted by which ordinance the operation of a filling station at the place designated was prohibited but the ordinance had not become effective until after petition for mandamus had been filed but before peremptory writ was issued.   There we said:

"In my view of the case, the final adoption of the ordinance here involved *in so far as it is attempted to apply it to the relator's already pending mandamus for a permit, and not prospectively* for future operation, is in contemplation of law an attempted judicial decree by the legislative power of the city against the then existing rights of the relator, and therefore that such ordinance as applied to relator, is unreasonable and arbitrary, as held by the Circuit Judge.   See Thursby v. Stewart, 138 So. text page 752, opinion by Whitfield, J.   I concur in the preceding opinion as well as the judgment of affirmance."

So, we must hold that ordinance No. 340, supra, was properly held by the Circuit Judge not to be applicable to license applied for by the appellee, relator in the court below.

The judgment is affirmed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.