83 So.2d 274 (1955)
George C. SHARROW and Elizabeth Sharrow, his wife, Appellants,
v.
CITY OF DANIA, etc., et al., Appellees.
Supreme Court of Florida. Special Division A.
November 9, 1955.
*275 Robert E. Ferris and McCune, Hiaasen & Kelley, Fort Lauderdale, for appellants.
James H. Walden, Dania, for appellees.
THORNAL, Justice.
The Sharrows appeal from a decree denying relief to them in a proceeding brought to prevent the revocation of a building permit previously issued by the City of Dania.
On October 19, 1953, the City passed on first reading an ordinance requiring a 6-foot building set-back from the property line on a street known as Federal Highway. On October 31, 1953, the City Building Inspector issued to the Sharrows a building permit to construct a building on a lot abutting the street based upon plans which did not provide for a set-back. The permit authorized the building to be constructed to the property line. The set-back ordinance was passed on second reading and finally adopted on third reading, on November 2 and November 16, respectively.
On November 5 the Sharrows were notified that the permit had been "erroneously issued" and, therefore, was revoked. Between October 31 and November 5 the appellants had the site surveyed for a building, the trenches were dug for the foundation, trees and hedges were removed, batter boards were placed at the site, steel was ordered and delivered and a Supervisor of Construction was employed and lumber purchased.
The Chancellor, finding that the Sharrows had actual or constructive knowledge of the pending ordinance, held that they could not invoke the doctrine of equitable estoppel against the City and refused to disturb the revocation of the permit.
On appeal the appellants contend that the permit was a vested property right which could not be destroyed under Section 1 of the Declaration of Rights of the Florida Constitution, F.S.A. and the Fourteenth Amendment to the Federal Constitution. They further assert that principles of equitable estoppel are applicable and should be enforced.
Contrary to the contention of the appellants we find, upon a careful analysis of the record, that the Chancellor had sufficient testimony before him to sustain his conclusion that the appellants had adequate forewarning of the pending ordinance when they applied for and received the building permit on October 31. If it were not for this fact, we might find an area for the application of the doctrine of equitable estoppel in their favor. With such forewarning, however, the doctrine cannot be applied.
The passage of a "set-back" ordinance involves an exercise of the police power of a municipality. Admittedly, rights of property are protected by constitutional guarantees. This protection, however, cannot be extended to mean that the use of property cannot be properly regulated under the police power in the interest of the general welfare. The possession and enjoyment of all rights and property are subject to the valid exercise of the police power which is an aspect of sovereignty and all persons and property are subject to restraints and burdens necessary to secure the comfort, welfare and safety of the public. See City of Miami Beach v. Texas Co., 141 Fla. 616, 194 So. 368, 128 A.L.R. 350. In the instant case, therefore, if rights to the permit became vested, such vesting was subject to the warning evidenced by the ordinance pending on first reading and, therefore, subject to the ultimately completed exercise of the police power which was signaled by the pending ordinance.
This is not a case of sudden, unexpected, arbitrary action by the public officials. Here the permittee was fully on notice that the City was proceeding to exercise its police power which ultimately emerged in the adoption of the ordinance on the third reading. See Bregar v. Britton, Fla. 1954, 75 So.2d 753, and Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808. In the cases last cited we held that under appropriate circumstances the doctrine of equitable estoppel may be applied against a municipality but as pointed out in Bregar v. Britton, supra, such cases *276 are not to be compared with those similar to the one at bar where the party claiming to have been injured by relying upon an official determination had good reason to believe before or while acting to his detriment that the official mind would soon change. See also Miami Shores Village v. Wm. N. Brockway Post, 156 Fla. 673, 24 So.2d 33. There is no attack on the ordinance as being unreasonably discriminatory against the appellants as compared to others similarly conditioned.
The decree is, therefore, affirmed.
DREW, C.J., and THOMAS and HOBSON, JJ., concur.