PER CURIAM.
This appeal is from a Peremptory Writ of Mandamus which grew out of the revocation of a building permit previously issued to appellee.
The appellee, Ergene, Inc., is the owner of certain real property, zoned for residential use. On May 7, 1958, appellant adopted ordinance No. 6174 granting ap-pellee a variance on the property in question for the construction and operation of a gasoline service station. Subsequent to the adoption of this ordinance, certain owners and residents of adjoining properties instituted a suit challenging the propriety, authority for and validity of this ordinance granting the variance. The dismissal of their complaint was reversed by this court[1] which remanded the cause to the trial court for further proceeding.
On April 15, 1960, a date following the issuance of this court’s mandate and while the cause was still pending in the trial court, the appellee secured the issuance of a building permit and commenced construction of a gasoline service station on its property. This building permit was revoked by the City Manager, whose actions were ratified and confirmed by the City Commission on June 15, 1960. On June 20, 1960, the plaintiff in the cause pending in the trial court entered into a stipulation of dismissal and accordingly, the cause styled Elwyn v. City of Miami was dismissed. On July 25, 1960, the City Commission, in reliance upon this court’s decision in the Elwyn case, adopted ordinance No. 6698 repealing ordinance No. 6174 which granted the variance permit for the subject property.
On August 25, 1960, the petitioners filed this proceeding to compel the city, its agents, servants, employees, officers, or representatives to allow it to proceed with the erection and construction of the service station on the subject property. In granting the peremptory writ, the trial court commented:
“ * * * it is the opinion of this Court that the Ordinance No. 6174 passed and adopted on May 7, 1958 insofar as the relator is concerned, is of full force.and effect; that the Elwyn case, having been dismissed without final decree, has no binding effect upon the Court; that the building permit issued by the respondents on April 15, 1960 is valid and must be honored; that Ordinance No. 6698 is void for the reason that any attempt to revoke the aforesaid building permit for purely political reasons after the work had been commenced under the permit is illegal and unconstitutional.”
*476 Clearly, as observed by the trial court, property rights are protected by constitutional guarantees. In Sharrow v. City of Dania, Fla.1955, 83 So.2d 274, 275, it was said:
“This protection, however, cannot be extended to mean that the use of property cannot be properly regulated under the police power in the interest of the general welfare. The possession and enjoyment of all rights and property are subject to the valid exercise of the police power which is an aspect of sovereignty and all persons and property are subject to restraints and burdens necessary to secure the comfort, welfare and safety of the public.”
In the present case, as in the Sharrow case, if the appellant’s rights to the variance and the building permit issued in conjunction with the variance become vested, such vesting was subject to the warning evidenced by the pending litigation and, therefore, subject to the ultimately completed exercise of the police power which was signaled by this pending litigation.
We do not view the circumstances in this case as constituting arbitrary or bad faith acts on behalf of the city as was the circumstance in Aiken v. E. B. Davis, Inc., 106 Fla. 675, 143 So. 658; Harris v. State ex rel. Wester, 159 Fla. 195, 31 So.2d 264; Broach v. Young, Fla.1958, 100 So.2d 411. Here also, we have a case which is clearly distinguished from that line of cases[2] which have held illegal and void similar acts under the principle of equitable estop-pel.
In the present case, the appellee who claimed it was injured by relying upon the ordinance granting the variance and the building permit issued pursuant thereto, had good reason to believe, before acting to its detriment, that the official mind would soon change, as it subsequently did. As was observed by the Florida Supreme Court in Miami Shores Village v. Wm. N. Brockway Post, 156 Fla. 673, 24 So.2d 33, 36:
“It would appear childish to assert that the permittees were without knowledge of these undisputed facts and for the respondents to wholly disregard them and simultaneously incur financial obligations incidental to the construction of the building under the questioned permit, shows that they acted while red flags were flying and cannot complain of lack of notice.”
See Gross v. City of Miami, Fla.1953, 62 So.2d 418; Sharrow v. City of Dania, supra, and City of Ft. Lauderdale v. Lauderdale Industrial Sites, Fla.App.1957, 97 So.2d 47.
Accordingly, the judgment and peremptory writ of mandamus are reversed and the cause remanded with directions to dismiss the petition.
Reversed and remanded with directions.

. Elwyn v. City of Miami, Fla.App.1969, 113 So.2d 849.

. Texas Co. v. Town of Miami Springs, Fla.1950, 44 So.2d 808; Bregar v. Britton, Fla.1954, 75 So.2d 753.