212 So.2d 662 (1968)
L.H. (Buddy) HOUGH, Appellant,
v.
Vincent J. AMATO et al., Appellee.
No. I-495.
District Court of Appeal of Florida. First District.
July 11, 1968.
Rehearing Denied August 6, 1968.
Albert S.C. Millar, Jr., Jacksonville, for appellant.
Robert A. Andreu, St. Augustine, for appellee.
*663 CARROLL, DONALD K., Judge.
The plaintiff in an action for declaratory and injunctive relief has appealed from a final decree entered by the Circuit Court for St. Johns County, dismissing the action.
The sole question presented for our determination in this appeal is whether that court, in the circumstances shown in the record, should have granted the relief sought by the plaintiff and enjoined the enforcement against him of a certain zoning ordinance adopted by the defendant city.
The record in this cause establishes the following facts pertinent to the present consideration:
At all times material to these proceedings the plaintiff has owned property on Williams Street in the City of St. Augustine, St. Johns County, Florida. Almost all of that street consists of business or public attractions. St. Augustine, we judicially know, is one of the great tourist cities in the United States.
At the time when the plaintiff purchased the said property and, until May 28, 1965, his property was zoned by the city as "local business," which zoning permitted as one of its authorized uses the operation of a "museum."
On January 5, 1965, an associate of the plaintiff appeared before the St. Augustine City Planning Commission and advised that the plaintiff planned to open a "Museum of Tragedies in U.S. History" at his property on Williams Street and requested the commission's permission therefor. Within a few days the chairman of that commission advised the City Commission of St. Augustine of the said associate's appearance and the plaintiff's plans for a museum on his said property. In addition, there was no doubt about the plaintiff's said plans for the museum, because for five months prior to May 28, 1965 (when a new zoning ordinance was passed, as discussed below) he described his plans on television.
During the first four months of 1965 the plaintiff obtained four building permits and began remodeling his said property on Williams Street. He made numerous repairs on the property for a total cost of nearly $2,000, which property he had purchased for $17,000. In addition, the plaintiff expended several thousand dollars, so that his total investment, including the land acquisition, amounted to more than $30,000.
Then, as the appellant puts it in his brief, "came the crowning blow." On April 4, 1965, he was ready to open his museum and filed an application for a use permit to open the museum, but a ruling on his application was deferred several times until May 28, 1965, when the City Commission of St. Augustine at a special session, held without notice and without a hearing, adopted an ordinance designated as "Emergency Ordinance 210-A," the chief effect of which was to delete "museums" as one of the uses theretofore permitted on the property zoned "local business" in Zone 3, the zone in which the plaintiff's said property was located.
There is testimony to the effect that the City Commissioners who passed the said emergency ordinance on May 28, 1965, admitted that the only emergency facing them on that date was the possibility that the plaintiff would open his museum.
On June 6, 1965, the plaintiff's application for a use permit to operate his museum was denied for the sole reason that the intervening enactment of Ordinance 210-A did not permit such a use on his property.
There can be little doubt that the members of the City Commission adopted Ordinance 210-A for the sole purpose of preventing the plaintiff from opening and operating his museum, well knowing that up to the moment of such adoption the plaintiff was authorized by an existing ordinance to operate a museum and that the *664 plaintiff had been investing large sums of money, as well as time and effort, in reliance on the then-existing ordinance.
This situation strikes us as closely analogous to that which confronted us in City of Gainesville v. Bishop, Fla.App., 174 So.2d 100 (1965). In that case the City of Gainesville had rezoned certain property to permit its use as an automotive service station. In good faith reliance upon such rezoning, the plaintiff and his associates purchased the property changed their positions materially, and incurred substantial expenses in building an automotive service station. Before the service station was opened, the City Commission of Gainesville adopted a resolution changing the classification of the said property and prohibiting gasoline service stations. The Circuit Court entered a final summary decree declaring that the city was equitably estopped from blocking the erection of the plaintiff's service station.
This court affirmed the final summary decree in this Bishop case, applying the doctrine of equitable estoppel as recognized by the Supreme Court of Florida in Texas Co. v. City of Miami Springs, 44 So.2d 808 (1950); Bregar v. Britton, 75 So.2d 753 (1954), and Sakolsky v. City of Coral Gables, 151 So.2d 433 (1963).
The City of Gainesville filed a petition for writ of certiorari in the Supreme Court of Florida to review our decision in the Bishop case, as reported in City of Gainesville v. Bishop, 181 So.2d 163 (1965), which court discharged the writ on the ground that no jurisdictional conflict of decisions existed.
On the authority of our decision in the Bishop case, supra, and the above-cited decisions of the Florida Supreme Court, we hold that the City of St. Augustine and its officials are equitably estopped from blocking the opening and operation of the plaintiff's museum on his property on Williams Street.
Since we so hold, there is no need for us to consider and pass upon certain other points on appeal in which the appellant questions the constitutionality of certain statutory provisions purporting to authorize the adoption of the above-discussed emergency ordinance, for, whether those provisions are constitutional or not, the said ordinance is not effective against the plaintiff's museum because of the doctrine of equitable estoppel, as aforesaid.
Accordingly, the final decree appealed from herein must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
RAWLS, C.J., and SPECTOR, J., concur.