278 So.2d 311 (1973)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant, Cross-Appellee,
v.
Doran A. JASON et al., Appellees, Cross-Appellants.
No. 73-45.
District Court of Appeal of Florida, Third District.
June 5, 1973.
Stuart Simon, County Atty., and John G. Fletcher, Asst. County Atty., for appellant, cross-appellee.
Shutts & Bowen, Miami, and Karl V. Hart, Coral Gables, for appellees, cross-appellants.
Millican & Trawick, Sarasota, for South Florida Chapter of the Associated General Contractors of America, Engineering Contractors Association of South Florida, Inc., Miami Builders' Exchange and Gas Institute of Greater Miami, amicus curiae.
Samuel F. Schoninger, Miami, for Builders Association of South Florida, amicus curiae.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Early in 1972, the appellees commenced the proper proceedings to obtain a building permit for the erection of a multi-family building on Key Biscayne, in the unincorporated area of Dade County, Florida. They made formal application after prelimiary discussions with Dade County authorities in early March, 1972, to secure a permit to permit such construction. Thereafter, on March 14, 1972, as a result of an initiative petition, the voters of Dade County approved a referendum authorizing the County Manager [in certain circumstances] to declare a building moratorium in the unincorporated areas of the County. During March the appellees were continually attempting to secure their permit and, on March 29, 1972, were finally notified that they were entitled to pick up their permit upon the deposit of the necessary fees. They immediately presented the necessary funds and the execution of the necessary documents in the Building Department of Metropolitan Dade County and it was stipulated that, as of 11:30 A.M. that morning, their plans as submitted entitled them to a building permit under the then existing Metropolitan Zoning and Building Regulations which would have permitted a density of 85 units per acre. Notwithstanding the admitted compliance with all the requirements entitling them to the issuance of a permit, same was withheld by a clerk until subsequent to noon on March 29th, whereupon they were informed that no permit would be issued because the County Manager had declared a building moratorium in an area which encompassed the appellees' *312 property effective at 12:00 Noon that day.
The appellees, as plaintiffs, instituted an action in the trial court, seeking to require the issuance of a permit. Following final hearing, the chancellor directed the issuance of a permit, permitting the construction of an improvement which met the Dade County code as it existed as of 11:30 A.M. on March 29, 1972, and rejected the appellees' argument that the moratorium ordinance was unconstitutional. The County instituted an appeal, contending that the chancellor erred in directing the issuance of a permit and further erred in not limiting the permit to a reduced density pursuant to the use classification in effect at the time of the entry of the final judgment [the zoning ordinance as to density, during the moratorium, having been amended], citing City of Boynton Beach v. Carroll, Fla.App. 1973, 272 So.2d 171. The property owners filed a cross-appeal, alleging error in the trial court's failure to declare the moratorium ordinance unconstitutional.
We affirm the action of the chancellor in directing the issuance of the permit. He found that the County had "delayed" the issuance of the permit in an obvious attempt to permit the County Manager to issue a moratorium. It is apparent that the landowners had completed all the necessary prerequisites entitling them to a permit as of 11:30 A.M. on the date in question, and the County should be estopped, under the circumstances, to deny the issuance of the permit. Aiken v. E.B. Davis, Inc., 106 Fla. 675, 143 So. 658; Harris v. State ex rel. Wester, 159 Fla. 195, 31 So.2d 264; Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808; Bregar v. Britton, Fla. 1954, 75 So.2d 753; City of Hollywood v. Pettersen, Fla.App. 1965, 178 So.2d 919; Hough v. Amato, Fla.App. 1968, 212 So.2d 662; City of Miami Beach v. Jonathon Corporation, Fla.App. 1970, 238 So.2d 516; Munns v. Stenman, 152 Cal. App.2d 543, 314 P.2d 67; Dubow v. Ross, 175 Misc. 219, 22 N.Y.S.2d 610; Harris v. Coffey, 14 Misc.2d 916, 179 N.Y.S.2d 8; Vine v. Zabriskie, 122 N.J.L. 4, 3 A.2d 886; Sgromolo v. City of Asbury Park, 134 N.J.L. 195, 46 A.2d 661; Gibson v. City of Oberlin, 171 Ohio St. 1, 167 N.E.2d 651; Planning Commission of City of Falls Church v. Berman, 211 Va. 774, 180 S.E.2d 670. We find the case of City of Boynton Beach v. Carroll, supra, not to be applicable in the instant case, because of the obvious conclusion by the chancellor that the County had acted in bad faith in delaying the issuance of the permit and, therefore, the applicant should have been entitled to a permit authorizing the construction of the number of units that they would have been permitted to construct if the permit had been issued when they were entitled to it, to wit: 11:30 A.M., March 29, 1972. Therefore, we find the cited case not to be applicable and the chancellor to have been without error when he directed that the appellees should obtain a permit entitling them to build 85 units per acre. Sgromolo v. City of Asbury Park, supra; Gibson v. City of Oberlin, supra; Anno. 169 ALR 584. Compare Broach v. Young, Fla. 1958, 100 So.2d 411.[1]
*313 Having determined that the chancellor should be affirmed on directing the issuance of the permit, there is no reason to reach the constitutional issue as raised on the cross-appeal. Both counsel, in open court, conceded that this issue would become moot if the court affirms the chancellor on the issuance of the permit.
Therefore, for the reasons above stated, the final judgment here under review is hereby affirmed in that respect which directed the issuance of the permit. But, this opinion is not to be construed as any ruling on the constitutionality of the moratorium ordinance.
Affirmed.
NOTES
[1] The principles of law applicable and the exception which we are here concerned with are found in the opinion of this court in Davidson v. City of Coral Gables, Fla. App. 1960, 119 So.2d 704, at page 708:

* * * * *
"* * * The applicable authorities show it to be the general rule that in a suit involving an application for issuance of a liquor license, the law as it stands at the time of the decree, rather than at the time of application or filing of the suit, controls the decision thereon. A statement of that rule should not omit reference to an established exception. The exception is that when the officials or governmental body to whom an application for a liquor license has been made, and against whom suit is filed to enforce its issuance, act arbitrarily to avoid their duty, such as by undue delay during which a further effective limitation is enacted, or by passing new limitations or regulations designed to avoid having to issue the license and to circumvent an impending court decision which would direct its issuance, the court may disregard the new restriction or regulation thus enacted by the officials or governmental agency which is involved in the suit, or which has been passed after their undue delay. See Aiken v. E.B. Davis, Inc., 106 Fla. 675, 143 So. 658; Harris v. State ex rel. Wester, 159 Fla. 195, 31 So.2d 264; Broach v. Young, Fla. 1958, 100 So.2d 411. * * *"
* * * * *
See also: 169 A.L.R. 584, which states:
"* * * it is generally acknowledged that a change in the law pending an application for a permit or license is operative as to such application, and that the law as changed, rather than as it existed at the time the application was filed, determines whether the permit or license should be granted."
It is then observed by the annotator:
"If, however, action on the application is unreasonably refused or delayed until after the change has become effective, or the issuing officer arbitrarily fails to perform a ministerial duty to issue the license or permit promptly on an application which conforms to the law at the time of filing, the courts have held that the law at the time of filing of the application controls." [emphasis supplied and added]