297 So.2d 46 (1974)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
ROSELL CONSTRUCTION CORPORATION et al., Appellees.
No. 73-1273.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Stuart L. Simon, County Atty., and Alan T. Dimond, Asst. County Atty., for appellant.
McCrary, Lee, Adderly, Culmer & Long, Miami, for appellees.
Before PEARSON, CARROLL and HENDRY, JJ.
PEARSON, Judge.
Metropolitan Dade County was allowed to intervene in the trial court as a party respondent to a petition for mandamus filed by the appellee Rosell Construction Corporation against the City of Hialeah. This appeal is by the County from an order of the circuit court which in effect allowed the construction of a fifty-four unit condominium complex within the City of Hialeah. The trial court based its decision upon the following grounds:
* * * * * *
"7. The Court finds that the Plaintiffs had done all that they could do under the law and further all that they had been required to do by the law and all of the same being done prior to December *47 1, 1972, and specifically, on November 27, 1972. Further, the Court finds and concludes that on and as of the date of submission of all the approved documents, to wit: November 27, 1972, the rights of the Plaintiffs herein became vested and they were thereupon entitled to the issuance of a building permit, and that thereafter, the only act remaining was the purely ministerial one of issuance."
* * * * * *
We reverse upon a holding that the appellee did not as a matter of law have a vested right to the issuance of a building permit under the facts and circumstances of this case because the County demonstrated a substantial question as to the effect of the construction upon public health.
A summary of the history of this litigation is necessary. On November 27, 1972, the Rosell Construction Corporation applied to the City of Hialeah for a building permit for construction of a fifty-four unit condominium apartment complex upon property located in that city.
The parties stipulated that Rosell had complied with all other requirements of the City of Hialeah for the issuance of a building permit. The permit had not issued in the normal course of business prior to December 1, 1972, although the submitted plans conformed to all rules and regulations in effect on the date of the application.
Rosell, in order to satisfy the building requirements of the City of Hialeah, and of Dade County, was required to dedicate portions of its lands to the City and was required to construct an auxiliary sewer line, all at its own expense and prior to the obtaining of the building permit in question.
On December 1, 1972, the Pollution Control Officer of Metropolitan Dade County issued an Order to the City of Hialeah that imposed a total hold on all building permits for any construction that would connect to the North Miami Ocean Outfall System.
The Order of the Pollution Control Officer was promulgated pursuant to the authority granted by the Code of Metropolitan Dade County. The Pollution Control Officer testified that this building permit hold was and is presently caused by emergency conditions of an inadequate safety margin available for surge pressures in the North Dade sewage line. He further testified that the connection of waste water sources for which building permits were issued prior to and through December 1, 1972, could erase the margin completely. Rosell does not contest the County's jurisdiction or authority to promulgate the moratorium or the necessity of the moratorium.
On December 28, 1972, Rosell filed its Petition for a Writ of Mandamus only against the City of Hialeah. Although Rosell was aware that Metropolitan Dade County had promulgated the Order that the petition attacked, Metropolitan Dade County was not made a party to that suit and was not advised as to the existence of the suit.
On December 29, 1972, pursuant to a stipulation between Rosell and the City of Hialeah, the City was ordered to, and thereafter did, issue to plaintiffs a building permit.
Metropolitan Dade County filed a Motion for Intervention and Relief from Order as soon as its Pollution Control Department learned of the existence of the suit. By that time the permit had been issued by the City of Hialeah pursuant to the Court's order. On January 10, 1973, Rosell was advised by Metropolitan Dade County that the County regarded the permit as void. Construction on the site began some time after Rosell received this advice from the County.
The appellee contends that when it submitted its application for a building permit to the City of Hialeah on November 27, *48 1972, such submission being timely and prior to the effective date of December 1, 1972, it was then vested with a right to a building permit and a vested right to the sewer connections allowed at that time. The "application" consisted of plans and other related documents which required "approvals" by various departments of the City of Hialeah and Metropolitan Dade County; these "approvals" were obtained. The Metropolitan Dade County Pollution Control Officer wrote on the plans submitted the inscription "approval not required." This was found by the trier of facts to constitute approval. It is urged that upon the obtaining of these "approvals" the City of Hialeah was left with the purely ministerial act of issuance of the subject-matter permit.
It is apparent that the trial court applied the law applicable to building permits as he conceived it to be from an examination of decisions concerning building permits as they are affected by zoning matters. This reasoning by analogy is certainly acceptable in many cases. We think, however, that it cannot properly be made the basis for a decision in a case which so directly involves public health.
In considering a claimed vested right to proceed under a building permit which had in fact been issued, the court in City of Hollywood v. Hollywood Beach Hotel Co., Fla.App. 1973, 283 So.2d 867, said:
* * * * * *
"There is an exception to the above rule that recognizes a City may revoke a building permit where the landowner has in good faith made a substantial change in position or incurred extensive obligations in reliance of the zoning law; i.e., if the municipality can show that some new peril to the health, safety, morals, or general welfare of the municipality has arisen between the granting of the building permit and the subsequent change of zoning to the detriment of the landowner, the change of zoning may effectively revoke a building permit. See Texas Co. v. Town of Miami Springs, 44 So.2d 808 (Fla. 1960) supra." (Emphasis supplied)
* * * * * *
See also City of Boynton Beach v. Carroll, Fla.App. 1973, 272 So.2d 171; and see Dade County v. Jason, Fla.App. 1973, 278 So.2d 311, which was distinguished from City of Boynton Beach because of the "bad faith" of the county in delaying issuance of the permit.
The appellant also argues that the trial judge erred in finding that the alternative solutions suggested by the County to the problem of the appellee are "grossly inequitable and unreasonable." The record seems to us to support the contention of the County in this regard. In fact, the record as supplemented in this court by stipulation and court order reveals that an "alternative hook up" for appellee's sewage routing can be made for a sum of approximately $21,000. The expenditure of this amount is not unreasonable in view of the total cost of the project which is under construction and the potential danger to the public health as revealed by this record.
The order of the trial court entered on the ninth day of October, 1973, directing that the appellee-plaintiff may immediately and forthwith resume construction on the condominium apartment complex is reversed in its entirety and this cause is remanded to the trial court with directions to quash the alternative writ of mandamus and dismiss the petition.
Reversed and remanded.