423 So.2d 404 (1982)
Joseph BRUCE, Appellant,
v.
The CITY OF DEERFIELD BEACH, etc., Appellees.
No. 81-1867.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Rehearing Denied January 5, 1983.
*405 Burton L. Bruggeman, Orlando, and Robert Dyer of Duckworth, Allen, Dyer & Pettis, P.A., Orlando, for appellant.
Andrew Maurodis, Deerfield Beach, and Bruce E. Wagner, Fort Lauderdale, for appellee, City of Deerfield Beach.
Robert E. Ferris, Jr., of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellees, Shullaw, Cannady and Bosley.
BERANEK, Judge.
This is an appeal from a final summary judgment in a suit for damages and other relief brought by a builder against a municipality and the individual building and zoning officials of that municipality. We find error in the summary judgment and reverse.
The complaint alleged that the defendants were guilty of extreme negligence, bad faith, and misconduct in stopping construction on plaintiff's project for insufficient reasons. Furthermore, it was alleged that the defendants intentionally subjected plaintiff to a protracted series of meetings, plan revisions, variance proceedings, appearances before city building boards and commissions, and other administrative hurdles, all in a bad faith effort to stop construction on a building which had been approved by the city years before. In the very early stages of the controversy, a building inspector visited the job site and placed a "red tag" on it. This red tag recited violations of (1) "no licensed contractor," (2) "site work not as per plans," and (3) "plans not up to date and safety." The red tag also stated that the project should be stopped until the violations could be resolved and that Mr. Shullaw (a city building official) should be called immediately for an appointment. The builder immediately complied by calling Mr. Shullaw and arranging a meeting among various city building officials. The builder complied with all City requests and received tentative approval from the building officials. Thereafter, formal approval was denied and the administrative nightmare alluded to above began and continued over several months. Finally, after the City continually interposed a barrage of new, allegedly illegal obstacles designed to halt construction, the plaintiff lost patience, and sued for damages. The trial court found a cause of action had been stated and denied a motion to dismiss the complaint. Defendants then made a motion for summary judgment asserting numerous grounds including failure to exhaust administrative remedies. The trial court agreed and granted a final summary judgment in favor of all defendants on the ground that the plaintiff had failed to exhaust his administrative remedies by not appealing the initial red tag.
The summary judgment was error. Even if plaintiff failed to exhaust certain administrative remedies, that alone does not dictate summary judgment for defendants. Based upon the record, city officials constantly assured plaintiff, orally and in writing, that all problems could be resolved by one more meeting, one more revision, one more modification, or one more appearance *406 before a city board. As soon as plaintiff satisfactorily complied and remedied one problem, a new and different problem not previously mentioned would be raised by the City, and the compliance process would begin anew. On appeal, the defendants basically urge that plaintiff rather stupidly attempted to cooperate with the City, when he should have simply appealed the red tag. The City contends that there were at least six to eight final agency actions which plaintiff could have appealed. The City contends the original red tag put the City, its officials, and the builder in an adversary position, and that the failure to appeal the initial red tag bars the entire suit.
In applying the doctrine here the trial court erroneously used an all or nothing approach. "The doctrine of administrative exhaustion is not a strict jurisdictional matter but a flexible concept tailored to the administrative statutes and circumstances." Ecology Center of Louisiana, Inc. v. Coleman, 515 F.2d 860, 865 (5th Cir.1975). As noted by the United States Supreme Court in McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969), "The doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to numerous exceptions." We conclude that the doctrine of equitable estoppel is one such exception which may well apply to the circumstances presented in this case.[1] The red tag stated that work had to stop until the violations were resolved and specifically ordered that plaintiff call a building official for an appointment. The clear import of the red tag and the meeting which followed was that the builder should cooperate with the city officials. Having led plaintiff into believing that he should cooperate with them even to the extent of giving tentative approval, the officials should not now be allowed to take advantage of his failure to appeal by claiming that he foolishly cooperated with them.
In addition to equitable estoppel there were obvious factual issues as to whether an appeal of the initial red tag would have been a futile or useless act.[2] The factual pattern was that of repeated compliance with City demands followed by Board and Commission approvals and then further new demands. After remedying the deficiencies noted in the initial red tag the frustrated builder was met with a continuous string of new and different alleged deficiencies preventing the resumption of building. It would have been futile to have appealed the initial red tag under these circumstances. The problems noted in that tag had been remedied and a new set were being faced.
The City contends that the issues of estoppel and futility could not be considered because those labels were not used in plaintiff's pleadings. The affirmative defense of exhaustion was denied in a Reply and a Motion to Strike filed by plaintiff. As argued below by plaintiff, the complaint itself constituted an avoidance of the exhaustion defense. This same defense had been raised and rejected in a previous Motion to Dismiss the complaint and we conclude that the issues of estoppel and futility were sufficiently established in the pleadings to have required their consideration in the summary judgment proceedings. This conclusion is supported by resort to the transcript of the summary judgment hearing where the futility issue was specifically argued.
We caution that we are not excusing plaintiff from his failure to exhaust his administrative remedies. We are merely saying that the trial court could not grant defendants' summary judgment on the *407 grounds of exhaustion because the disputed facts may dictate the nonapplication of the doctrine.
REVERSED AND REMANDED.
HERSEY, J., concurs.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring:
I agree that the summary judgment should be reversed. In essence the appellant has alleged that the appellees willfully conspired to obstruct the completion of his building project by intentionally and repeatedly filing false objections to the project. In addition, the appellant seeks no relief other than damages for the delay caused by the appellees' alleged malicious actions and damages are not available through the administrative process.
NOTES
[1] The doctrine of equitable estoppel has been repeatedly held applicable against Florida municipalities. See Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976), and City of Coral Springs v. Broward County, 387 So.2d 389 (Fla. 4th DCA 1980).
[2] The doctrine of exhaustion of administrative remedies is subject to the broad limitation that no person is required to take a step which is futile. Southern Bell Tel. & Tel. Co. v. Mobile America Corp., 291 So.2d 199 (Fla. 1974) and Miami Beach v. Jonathon Corp., 238 So.2d 516 (Fla. 3d DCA 1970).