**1302 CORP., et al v. VILLAGE OF PALM SPRINGS.**

No. 71-C-2321.

Circuit Court, Fifteenth Judicial Circuit.

June 27, 1972.

Paul C. Wolfe, West Palm Beach, for plaintiffs.

Frederick E. Hollingsworth, West Palm Beach, for defendants.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* This cause came on for trial on April 5, 1972, and the court heard the testimony of the parties and their witnesses and has considered the briefs filed by counsel, as well as the documentary evidence presented.

The plaintiffs stated prior to the taking of testimony and the introduction of evidence that the issues for decision by the court were whether the defendants, after issuance of a valid building permit to plaintiffs, were equitably estopped from rezoning plaintiffs' real property and revoking plaintiffs' building permit, and whether the rezoning of plaintiffs' real property from R-4 to R-1 was unconstitutional as being arbitrary, unreasonable and confiscatory.

The court finds from the evidence that the plaintiffs are the owners and developers of approximately 15.4 acres of real property situate in the defendant village, as described in the complaint. The land involved was zoned R-4 at 40 dwelling units an acre under the defendant village's zoning ordinance, for several years prior to May 13, 1971.

In November 1970, plaintiffs entered into contracts for architectural and engineering services for development of a condominium apartment project on the property involved, and work on their development plans continued.

Beginning January 18, 1971, the minutes of the defendant village council show that they had knowledge of apartment development in this area. On March 26, 1971, plaintiffs applied for a building permit for the property and submitted site plans and a detailed breakdown on the condominium project.

On April 1, 1971, the defendant village advertised public hearings to be held on the night of April 15, 1971, regarding a proposed zoning change of the subject property from R-4 to R-1.

On April 15, 1971, a building permit was issued to the plaintiffs by the defendant village for construction of the apartments contained in the submitted site plan. The plaintiffs had spent substantial sums of money for plans and engineering as a basis for their application for the building permit on the site. It does not appear that the defendants considered changing the zoning on the property until after plaintiffs had begun development work and incurred substantial expense in reliance on the zoning.

After changing the zoning from R-4 to R-1 by ordinance adopted May 13, 1971, the defendant village called a special meeting on June 7, 1971, to revoke the plaintiffs' building permit. In the interim period, the plaintiffs had proceeded further in the expen-

diture of funds in furtherance of their rights under the issued building permit.

On June 24, 1971, another zoning ordinance was enacted reducing the maximum allowable density in an R-4 zone from 40 dwelling units per acre to 20 dwelling units per acre.

The court finds that the plaintiffs materially changed their position and incurred substantial expense in reliance on the zoning as it existed at the time its building permit was issued. The circumstances justify the conclusion that plaintiffs acquired a kind of property right on which they are entitled to protection, and the building permit cannot be revoked in the absence of fraud or deceit or other fault on the part of the applicant. See Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963); City of Hialeah v. Allmand, 207 So.2d 9 (Third DCA 1968); and Hough v. Amato, 212 So.2d 662 (First DCA 1968). The court therefore finds that defendants are equitably estopped from interfering with the plaintiffs' right to develop their property under the zoning ordinance of village of Palm Springs as it existed on April 15, 1971.

Because of the conclusion reached above, it is unnecessary at this time for the court to rule on the remaining issues.

It is, thereupon, ordered and adjudged that defendants, and each of them, are estopped and enjoined from interfering with the plaintiffs' right to develop the parcel of property described in the complaint pursuant to the requirements of the zoning ordinance of the defendant village of Palm Springs as it existed on April 15, 1971.

Court costs of this cause shall be taxed against the defendant village of Palm Springs.