CHARLES CARROLL, Chief Judge.
This is an interlocutory appeal from an order sustaining objections and requiring further answer to certain interrogatories. The suit was filed by Florida East Coast Railway Company, claiming title and seeking to quiet title to the east of that section of Biscayne Boulevard in Miami lying between North East Sixth and Ninth Streets. Biscayne Boulevard there is also officially designated as State Road No. 5 and U. S. Highway No. 1. The defendant State Road Department, as an affirmative defense, claimed dedication of the street area in question, averring construction, maintenance and use thereof continuously for more than four years, relying on § 337.31 Fla.Stat., F.SA.
The plaintiff propounded interrogatories to the defendant State Road Department. Included were two interrogatories which are involved in this appeal, namely:
“1. State all facts which give rise to the claim that you have acquired title to the property pursuant to F.S. 337.31.”
******
*316 “5. State whether the State Road Department knew that the plaintiff had reserved for its own use an easement for its railroad tracks over the fifty (50) foot strip of property described in said Exhibit‘A’? * * *”
The Department answered the above interrogatory No. 1 as follows:
“1. Biscayne Boulevard has been under maintenance by the State Road Department for a number of years. Biscayne Boulevard was placed on the Primary State Road system by the Road Board as per Chapter 29965 Laws of Florida 1955. This action became effective July 1, 1956. A maintenance map has been prepared and certified by our Maintenance Engineer and filed in the Public Records of Dade County, Florida. For a great number of years prior to 1955 Biscayne Boulevard has been under the exclusive jurisdiction of the State Road Department as more fully appears from my affidavit attached hereto and made a part of this Answer.”
In answer to the above quoted interrogatory No. 5 the answer given by the Department was “No.” Those answers were made under oath by Clarence E. Davidson, the District Engineer of the State Road Department whose district included Dade County. Appended to the answers to interrogatories was an affidavit made by Davidson which contained an amplification of the facts stated in the answer to interrogatory No. 1.
Thereupon the plaintiff filed objections to the answers and moved that the Department “be required to make a more full and complete answer to the several interrogatories propounded to it.” The grounds of the motion were that the answers did not appear to be given “by a person having knowledge of the facts or if the matters contained in the answer were matters of record, who had custody of the records.” The affidavit appended to the answers to interrogatories was objected to because it was not included within the answer, and it was contended the answers contained conclusions of law and conclusions of the person answering. The trial court granted the plaintiff’s motion and directed the Department “to make further answer to the interrogatories,” within a time fixed. In compliance with that order further answers to the interrogatories were made under oath by Michael O’Neil, Chairman of the State Road Board. The original answer to interrogatory No. 1 was amplified by the following additional statement:
“We are aware of no deeds or official right of way map which includes the area described in the exhibits attached to the Plaintiff’s Complaint in this cause, except the Maintenance Map recorded in the Public Records of Dade County at Plat Book 82 at Page 1-1 and 1-2. Therefore, reliance for acquisition of title pursuant to F.S. 337.31 is based upon said Map and the applicable law, and upon the matters stated and sworn to in Affidavits of Clarence E. Davidson, W. A. Maier, Stanslaus M. Szydlo, W. T. Keiting, Winston Carlton and Arthur E. Darlow, which said Affidavits have been filed in this cause.”
The additional answer given with reference to interrogatory No. 5 was as follows:
“We find no evidence in the records of the Department to indicate that the Department knew that the Plaintiff reserved an easement for railroad tracks over any property which is the subject of this case. The answer, therefore, remains ‘No’.”
The plaintiff again filed objection to the answers to interrogatories as thus supplemented, and moved that the Department “be required to make a more full and complete answer to the interrogatories.” The grounds stated in that motion were that the answers incorporated documents “making it difficult for the plaintiff to what extent the several questions propounded to said defendant have been answered”; that the answers did not sufficiently inform the *317 •plaintiff “regarding the source and .extent of the defendant’s alleged title to the locus”; that the answers contained conclusions of law and of the person answering; and that the answers were insufficient “to sustain the defendant’s contentions.” The trial court sustained the plaintiff’s objections, granted plaintiff’s motion and entered the order now here on appeal, which provided as follows:
“1. The objections are sustained as to additional answers No. 1 and 5 and overruled as to answers number 2, 3 and 4. As to Interrogatory No. 6, Plaintiff applied ore tenus for leave to amend interrogatories and was granted such leave to amend.
“2. It is further ordered that said Defendant will file additional answers to Interrogatories numbered 1 and 5 within ten (10) days from the date of this Order and the Plaintiff will file its amended interrogatory No. 6 within a said period of time, the Defendant shall then be allowed sufficient time allowed under law for filing its response or objection thereto.”
For the reasons stated below regarding the requirement for such answers, we agree with the ruling of the trial court that the answer to interrogatory No. 1 as amplified was insufficient, and we affirm the order of the trial court in sustaining the plaintiff’s objection thereto because of the attempt to include therein by reference facts stated in several separately filed affidavits of named persons.
The procedural rule relating to interrogatories, Rule 1.27 Fla.R.C.P., now appearing as Rule 1.340 RCP, 30 F.S.A., provides for answers to interrogatories to he made “separately and fully in writing under oath,” and “signed by the person making them.” The rule does not provide any precise form or content for the answers just as it does not provide a precise form or content for the interrogatories. It follows that an answer is adequate if it appears to be a full answer to an interrogatory and responsive thereto. However, an answer to an interrogatory must be complete in itself and should not refer to other pleadings or documents or affidavits and thereby attempt to make their contents a part of the answer. This is so because, as stated above, the answer made in response to an interrogatory is required to be the sworn answer of the party making it. The foregoing interpretations have been made with reference to the equivalent federal rule of practice relating to interrogatories. See Moore’s Federal Practice, Second Edition, Vol. 4, § 33.25(1). Therefore the answer to interrogatory No. 1 was objectionable wherein it attempted to include by reference the facts set out in separately filed affidavits and the answer should be amended to eliminate the reference to the affidavits, and as required by the order of the trial court the answer should be supplemented, by the inclusion therein of such of the facts set forth in the affidavits as the official making the answer is in a position to state under oath. Accordingly, we affirm the order appealed from to the extent that it sustained the plaintiff’s objection to the answer to interrogatory No. 1 and required the amendment or supplement thereof.
We reverse the order appealed from to the extent that it sustained the plaintiff’s objection to the answer as supplemented to interrogatory No. 5, and' wherein the order required the defendant Department to file an additional answer to interrogatory No. 5. The “No” answer to that interrogatory was sufficient because as framed all it called for was a “yes” or “no” answer. The Department did more than was required in this instance, when it supplemented the original “No” answer by stating it had no record evidence or knowledge to the contrary.
For the reasons stated the order appealed from is affirmed in part and reversed in part.