292 So.2d 58 (1974)
CITY OF NAPLES, a Municipal Corporation Located in the State of Florida, and Anders B. Sandquist, As Director of the City of Naples Building and Zoning Department, Appellants,
v.
Robert R. CRANS, Appellee.
No. 73-609.
District Court of Appeal of Florida, Second District.
March 27, 1974.
Charles K. Allan, City Atty., Naples, for appellants.
George Vega, Jr. of Carroll, Vega, Brown & Nichols, Naples, for appellee.
Geoffrey B. Dobson, Gen. Counsel, and Barbara Ann Dell McPherson, counsel, State of Florida, Dept. of Transp., Tallahassee, amicus curiae.
BOARDMAN, Judge.
Appellee, Crans, filed application for and obtained a foundation building permit in July, 1972, from appellant, City of Naples (City). In December, 1972, final plans were submitted to the Building Department. In January, 1973, these plans, which had been approved by the Restaurant Commission and the Pollution Control Commission, were approved, with some modifications, and the City agreed to issue a building permit upon compliance with Department of Transportation (DOT) height requirements. (The proposed multistory structure was to be located near the City's airport's glide path).
On March 2, 1973, the City Council passed Ordinance # 1866 declaring a 90-day moratorium on all multifamily construction. Crans' attorney and contractor each contacted the Building and Zoning Administrator for the City of Naples to determine the effect of the moratorium on their project. Both were told since the plans had complied with the City's requirements before the moratorium a permit would be issued as soon as they complied with DOT regulations. Another organization, the Boulevard Club, was in fact issued a permit *59 after the moratorium based on their qualification prior to the effective date of the moratorium.
In reliance on the statements of the administrator, Crans proceeded to attempt to obtain DOT and FAA approval. Subsequently, Crans applied for a building permit and was turned down. He then filed petition for writ of mandamus to compel the issuance of the permit. Final judgment on the peremptory writ of mandamus was entered by the trial court in favor of Crans based on a finding that the City was equitably estopped from denying the permit. Timely appeal followed.
On appeal the propriety of the writ was questioned on the grounds that Crans had not obtained the necessary permit from DOT. This issue was raised in an Amicus Curiae Brief of the DOT. The DOT denied the existence of a permit and stated that Crans "... should demonstrate at least a reasonable probability of obtaining approval... ." in order to be entitled to relief. We temporarily relinquished jurisdiction to the trial court for a determination of this question. After an adversary proceeding in the trial court, it was determined that Crans was in compliance with FAA and DOT regulations on April 18, 1973. The transcript reveals that Crans was in compliance with DOT requirements on March 29, 1973, but was refused a permit through an inadvertent error.
We have reviewed the city's zoning regulations, including the ordinance regulating and restricting the height of structures in the vicinity of the Naples Airport (Ordinance No. 1538). We find therein no requirement providing for a DOT permit to be obtained as a condition precedent to the issuance of a building permit. As we read Section IX of Ordinance No. 1538, it requires compliance only with DOT requirements. The prosecution for failure to obtain a DOT permit, therefore, appears to be reserved to that agency. The city lacks standing to assert the agency's rights.
Crans filed his petition for writ of mandamus on May 1, 1973. At that time he was clearly entitled to the relief prayed for upon satisfying the trial court of the merits of his cause. Consequently the court was within its jurisdiction in granting the writ.
There is no question but that a municipality may be equitably estopped from rescinding a building permit once it has been issued. Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433. In City of North Miami v. Margulies, Fla.App.3rd, 1974, 289 So.2d 424 (opinion filed January 22, 1974), it was established that a city can be equitably estopped from denying a building permit where extensive financial obligations have been incurred in reliance upon the zoning of property and the issuance of a conditional use permit.
The action of the City here, indicating that the moratorium would have no effect upon the issuance of a permit, caused Crans to materially change his position. He incurred extensive financial obligations and expenses. Accordingly, the trial judge was justified in finding that the city was equitably estopped from denying a building permit to Crans.
We have considered the voluminous record, all points in the briefs and argument of counsel in the light of controlling principles of law, and have concluded that the trial court's findings are supported by substantial, competent evidence.
Affirmed.
McNULTY, A.C.J., and McGREGOR, ROBERT B., Associate Judge, concur.