SCHEB, Judge.
Appellants, members comprising the Whitfield Zoning District, seek review by interlocutory appeal from an order denying their motion to dismiss Count II of the ap-pellees’ amended complaint for declaratory judgment. Appellees-plaintiffs in Count I sought declaratory relief that their lands are not embraced within the Whitfield Zoning District (referred to hereafter as “District”); in Count II they allege the District is estopped to exercise its zoning authority over appellees’ lands.
Appellees allege in Count II that they acquired lands which had purportedly been rezoned by Manatee County to R-3 (multifamily use) and have optioned such lands to third parties with a warranty as to the existence of R-3 zoning, that the District had actual or constructive knowledge that Manatee County had assumed jurisdiction of rezoning petitions in that area and that by the District’s failure to. object thereto that appellees were justified in believing that Manatee County was the proper governmental entity to exercise zoning authority over appellees’ lands. Appellees therefore assert the appellants are estopped to deny the authority of Manatee County to exercise zoning jurisdiction over appellees’ lands.
Denial of appellants’ motion to dismiss Count II brings into focus the question whether Whitfield Zoning District, as a special municipal corporation, may be es-topped to assert its power to zone lands within its boundaries as a result of having actual or constructive knowledge of attempted exercise of such power by another governmental authority.
The appellants’ authority to zone is derived from Ch. 25996, Laws of Florida, Special Acts of 1949, which vested the District with exclusive zoning jurisdiction over certain lands in the Whitfield area of Manatee County. This authority predated Ch. 1599, Laws of Florida, Special Acts of 1963, Manatee County’s enabling act authorizing it to zone lands which reserved unto the District its authorities under the 1949 act.
In Steen v. Scott, 1940, 144 Fla. 702, 198 So. 489, the Florida Supreme Court stated:
“The law of estoppel may be briefly stated as follows:
(1) Words and admissions, or conduct, acts, and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things.
(2) In which the person so speaking, admitting, acting, and acquiescing did so willfully, culpably, or negligently.
(3) By which such other person is or may be induced to act so as to change his own previous position injuriously. (Coogler v. Rogers, 25 Fla. 853, 7 So. 391).” 198 So. at 493.
While it is well recognized that the doctrine of estoppel may be invoked against a municipal corporation, the doctrine does not generally operate to embarrass it in its capacity to govern by preventing it from exercising its police powers. 12 Fla.Jur., Estoppel and Waiver, § 84; 28 Am.Jur.2d, Estoppel and Waiver, § 129; Yokley, Zoning Law and Practice, § 10-8 (3d Ed. 1965); Bianco v. Town of Darien, 1969, 157 Conn. 548, 254 A.2d 898.
*835 A review of the decisional law of Florida reveals that in instances where the doctrine of estoppel has been invoked against a municipality in respect to exercise of its zoning powers, the cases generally involve issuance of a permit or performance of some other acts within municipal authority which were later countermanded after being relied upon in good faith and to the substantial detriment of the party seeking to invoke the estoppel. See Sakolsky v. City of Coral Gables, Fla.1963, 151 So.2d 433; City of Naples v. Crans, Fla.App.2d 1974, 292 So.2d 58; City of North Miami v. Margulies, Fla.App.3d 1974, 289 So.2d 424; Hough v. Amato, Fla.App. 1st 1968, 212 So.2d 662; City of Gainesville v. Bishop, Fla.App. 1st 1965, 174 So.2d 100, cert. discharged, 181 So. 2d 163.
Count II of the amended complaint falls short of the allegations necessary to support a claim of estoppel, there being no allegation that appellees ever sought to invoke the jurisdiction of the District, that the District was unwilling to respond or that it is seeking to change its position to the detriment of appellees. Sakolsky v. City of Coral Gables, supra. The appellees were charged with knowledge of the 1949 Act which specifically provided in § 3
“That until such zoning resolution is passed permitting such use none of the lands . . . shall be used or occupied for any other purpose other than the present use thereof and for private residential and dwelling purposes..."
Accordingly Count II of appellees’ amended complaint fails to state a cause of action against the appellants, and the judgment of the trial court denying the appellants’ motion to dismiss is reversed.
BOARDMAN, Acting C. J., and GRIMES, J., concur.