PER CURIAM.
The City of North Miami appeals a final judgment in mandamus ordering the issuance of a building permit for uses consistent with 1-B-l zoning (including tennis and shuffleboard courts). The trial judge set out extensive findings of fact upon the basis of which he concluded as follows:
“9. The doctrine of equitable estoppel applied here against the CITY OF NORTH MIAMI has been upheld in many Florida decisions, where cities and municipalities have been required to issue building permits in mandamus actions. The cases hold that where one, in good faith, changes his position to his detriment by spending money or obligating himself as a result of the reliance on the city’s action and/or conduct, the doctrine of equitable estoppel will apply against the city. See Texas Co. v. Town of Miami Springs, 44 So.2d 808 (Fla. 1950) ; A. H. Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963); City of Gainesville v. Bishop, 174 So.2d 100 (Fla.App.1965); City of North Miami v. Margulies, 289 So.2d 424 (3 DCA, 1974).”
*559 On this appeal, the City has argued essentially that the facts do not support the application of the doctrine of equitable es-toppel in this case. Our review of the record reveals a sufficient basis upon which the trial judge could have found that the action of the City in this matter concealed the facts and mislead the appellant, who was without knowledge to the contrary. Under such circumstances, the application of the doctrine was proper.
Affirmed.