## TAFT BROADCASTING COMPANY v METROPOLITAN DADE COUNTY, etc., et al.

### Case No. 84-078-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

December 26, 1985

### APPEARANCES OF COUNSEL

**Robert D. Korner** and **Mallory Horton** for the appellant.

**Robert Ginsberg,** County Attorney, **Eileen Ball Mehta,** Assistant County Attorney, and **Morton H. Silver** for the appellees.

Before Mastos, Kaye, Shapiro, JJ.

### OPINION OF THE COURT

MASTOS, J.

This appeal is before this Court from a five to four decision by the

Board of County Commissioners overturning the resolution of the Zoning Appeals Board approving an application by Taft Broadcasting Company to raise the height of its broadcast tower in Southern Dade County. Taft Broadcasting Company applied to have the tower raised from its present height of 1,449 feet to a height of 1,849, an increase of 400 feet. The Zoning Appeals Board heard testimony on two occasions regarding the increase in height. Both times the Zoning Appeals Board approved the application.

The question before this Court is whether the decision by the Board of County Commissioners overturning the decision by the Zoning Appeals Board was arbitrary, unreasonable and void, and whether in the exercise of it police power the decision denying the resolution had any substantial relationship to the promotion of the public health, safety and welfare. The test to determine whether the actions by the Board of County Commissioners have a substantial relation to the health, safety and welfare is whether the issue is "fairly debatable." *Village of Euclid, Ohio v. Amber Realty Company*, 272 U.S. 365. In *City of Miami Beach v. Lachman*, 71 So.2d 148 (Fla. 1953), the Supreme Court of Florida held the debate must be upon grounds that make sense. In *City of Miami v. Schutte*, 262 So.2d 14 at 16 (Fla. 3d DCA 1972), the Court stated:

> Ordinarily courts should not substitute their judgment for that of the legislative body of the governmental agency charged with the responsibility of administering zoning regulations. However, when the actions of a legislative body in enforcing zoning regulations are arbitrary and capricious then the courts are required to act to protect the interest of the property owners.

The burden of proof is on the Appellant to show that the decision by the Zoning Appeals Board was not fairly debatable. The Appellants have met this burden.

The record is clear and the evidence overwhelming that the decision by the Board of County Commissioners was arbitrary and unreasonable as the issue was not fairly debatable and the Commission's decision was not supported by competent evidence. Reading from the records of the Commission hearings, it is clear from the record that the evidence presented by the Homeowners' Association was one of opinions and objections to the existing tower, not facts or testimony that would show an adverse effect on the surrounding community. Nor was there any testimony that would show that the raising of the tower would have an adverse effect on the health, safety and welfare of the surrounding community. This court is restricted to reviewing only the

92

record as made before the County Commission. *Eastside Properties v. Dade County*, 358 So.2d 873 at 875 (Fla. 3d DCA 1978).

The Appellee is correct in its assertion that the tower in the area as it is now zoned is an incompatible use. However, they are not correct in their assertion that allowing an additional 400 feet to be added to the existing tower would be incompatible with the surrounding area. The tower already exists. The applicant is not asking to build other towers, only to add an additional 400 feet to an existing one. The tower in its present condition has not had an adverse effect on the community. The Appellant has also shown that the tower as it now exists has not caused a reduction in property values or ruined the character of the surrounding community. If there had been competent evidence, not speculation and opinion, regarding the effect of the tower on the surrounding community, then the action of the County Commission would be upheld, as the issue would be fairly debatable. However, that is not the case here.

There was evidence presented on radiation levels by the Appellant surrounding the tower from 17 different points, including one at Redlands School. The levels of radiation were far below the safety standards established by the United States Government. There was further evidence presented that raising the tower would further reduce the already low radiation levels.

The Federal Aviation Administration filed a report determining that there was no hazard to air safety by raising the tower. Evidence shows that the type of lighting system employed on the tower has a perfect safety record far surpassing the red light system that was used in the past. The Appellee is incorrect in its assertion that an additional 400 feet would cause a hazard to air traffic in the surrounding area. During periods of low visibility, Federal Aviation regulations require that the pilots operate on instrument flight rules. Those come into effect when the visibility is under three miles or ceilings are below 1,000 feet. In these cases, the pilots are not operating visually, they are operating on an instrument flight plan and are being vectored around the sky by the approach controllers in the Miami area. During periods of visual flight rules when the pilots are operating visually, the pilots have a chart on the aircraft that shows the tower clearly marked. Federal Aviation Administration regulations require that they pass over the top of the tower at least 500 feet above and 2,000 feet horizontally from the tower. The testimony by the Appellee's witness were his opinions and feelings about the tower's affect on air safety. This was contrary to a study done by the Federal Aviation Administration showing no hazard to air safety.

After reviewing the record, it's clear the Appellant's assertions were correct in stating that the Appellee presented no competent evidence to refute the evidence presented by Taft Broadcasting Company. The decision by the County Commission was arbitrary and the issue was not fairly debatable. Expert testimony was given regarding design, lighting and microwave levels of radiation. There was testimony describing how the tower will collapse in on itself and cause no harm to the surrounding area. There was competent testimony regarding the economic affect on the area. There was competent testimony regarding the effects on the health, safety and welfare of the surrounding community. From the record it's obvious that raising the tower an additional 400 feet will not have an adverse effect on the health, safety and welfare of the surrounding community.

The findings of the Board of County Commissioners are hereby overturned and the resolution adopted by the Zoning Appeals Board is herein reinstated.

IT IS SO ORDERED.

JUDGE ROBERT P. KAYE CONCURS.

JUDGE SHAPIRO DISSENTS.

The majority correctly recognizes the test to determine whether the Zoning Authority's actions are proper. *Village of Euclid v. Amber Realty Co.*, 272 U.S. 365 (1926). They further recognize it is the attacking party's burden to demonstrate the decision of the Zoning Authority is not fairly debatable.

The majority opinion discusses testimony presented to the Dade County Commission. The opinion reflects testimony on both sides of the issues presented. This, in and of itself, makes the matter one that is "fairly debatable". If the resolution of the facts leaves doubt in the mind of the Court, the issue is said to be fairly debatable. *Dade County v. Greenlee*, 224 So.2d 787 (Fla. 3d DCA 1969). Such being the case, it is the duty of the reviewing Court to affirm the decision of the legislative authority. *St. Petersburg v. Aiken*, 212 So.2d 315 (Fla. 1968).

Even though all issues presented to the County Commission may not reach the required level, if some do, the Zoning Authority must be affirmed. *Miami Beach v. Lachman*, 71 So.2d 148 (Fla. 1953).

It is for the foregoing reasons, I would affirm the decision of the County Commission.