PER CURIAM.
We affirm that part of the trial court’s order dismissing the complaint for appellants’ failure to exhaust their administrative remedies. It was, however, error to determine that the dismissal is with prejudice for lack of jurisdiction. The issue before the trial court is not jurisdictional but involves a judicial policy to defer to the administrative process by requiring appellants to pursue available and adequate remedies. Therefore, the dismissal should have been without prejudice.
Prior to proceeding in the circuit court, the Mroteks must appeal the decision of the city’s building department through the established municipal administrative appeal process. See generally Bruce v. City of Deerfield Beach, 423 So.2d 404 (Fla. 4th DCA 1982); Dep’t of Revenue v. Brock, 576 So.2d 848 (Fla. 1st DCA), rev. denied, 584 So.2d 997 (Fla.1991); St. Joe Paper Co. v. Florida Dep’t of Nat. Resources, 536 So.2d 1119 (Fla. 1st DCA 1988); Skaggs-Albertson’s Properties, Inc. v. Michels Belleair Bluffs Pharmacy, Inc., 332 So.2d 113 (Fla. 2d DCA 1976), cert. dismissed, 346 So.2d 537 (Fla.1977). In light of the initial stipulations of the parties in the trial court regarding appellants’ timeliness in pursuing remedies, the appellants upon remand shall be afforded 30 days from the date of the mandate within which to file a" new appeal with the city.
Reversed in part, affirmed in part, and remanded.
HERSEY, DELL and STONE, JJ., concur.