JOANOS, Judge.
This is an appeal from a final order dismissing appellant’s complaint with prejudice. We affirm in part and reverse in part.
Brown, Edwards, Tóale Funeral Home d/b/a Manatee Markers and Cemetery Brokers (“BET”), is a cemetery brokerage firm which also owns a certificate for interment rights at Palms Memorial Park (“Palms”), which is owned by Hillcrest Cemetery, Inc. (“Hillcrest”). After a notice was published in the Florida Administrative Law Weekly indicating that the Department of Banking and Finance (“Department”) intended to approve an application by Gibraltar Mausoleum Corp. (“Gibraltar”) for authority to acquire control of Hillcrest, BET petitioned for a 120.57 formal hearing as a substantially affected party.
The parties to the administrative proceeding were BET and one other petitioner, Venice Memorial Gardens, the Department and Gibraltar. In the Petition for Formal Proceeding, BET alleged that as a cemetery brokerage firm, it acts as an agent for buyers and sellers of burial rights and it competes with Palms. BET further alleged it wanted to compete only with reputable owners and operators of Palms, and if the transfer from Hillcrest to Gibraltar took place, it would affect BET’s ability to earn a livelihood due to alleged fraudulent solicitation tactics by Gibraltar. BET further alleged that as owner of one or more burial rights/cemetery lots at Palms, its substantial interests would be affected by the transfer. BET alleged the disputed issues would include (1) whether Gibraltar met the requisite standards to be a transferee of an existing cemetery company; (2) whether the Department considered the foreseeable impact on competition as a result of the proposed transfer; and (3) whether the Department gave adequate notice of the transfer. BET further alleged there are only four cemeteries in Sarasota county, and if the transfer were approved, Gibraltar would have control of four of the seven cemeteries in Sarasota and Manatee counties, giving Gibraltar control of the market in a significant part of the state; in indicating its intent to approve the transfer, the Department failed to consider the impact of the transfer on the primary or secondary death-care markets in a significant part of the state and failed to fully investigate Gibraltar as a potential owner. BET also alleged the October 1992 notice in Florida Administrative Law Weekly was defective and misleading. BET alleged Hillcrest owed it over $1,000, and BET was concerned that if the asset purchase by Gibraltar were allowed it would *179 not be able to recover from Hillcrest. Finally, BET asserted the Cemetery Act does not permit asset acquisition.
The matter was scheduled for an administrative hearing on April 13-15, 1993. On April 5, 1993, BET filed in circuit court a Complaint for Declaratory and Other Equitable Relief naming as defendants Lewis as head of the Department, Hillcrest, and NCNB. The administrative hearing was continued until April 29-30, 1993.
On April 26, 1993, BET filed its Supplemental/Amended and Restated Complaint for Declaratory and Other Equitable Relief. The Division of Administrative Hearings (DOAH) hearing officer assigned to conduct the administrative hearing was added as a defendant. The complaint contained the following six counts, briefly summarized: (1) declaratory judgment as to BET’s right as to all parties, under chapter 86, to refuse to allow Gibraltar’s takeover of Hillcrest’s contractual obligations to BET; BET alleged it was in doubt as to its legal rights to refuse to allow Gibraltar’s takeover of Hillcrest’s contractual obligations to it, and sought some 30 specific declarations including a declaration “[t]hat burial contracts pursuant to Chapter 497, Florida Statutes, are not assignable by cemetery companies, pursuant to the intent and purpose of the Florida Cemetery Act,” and “[t]hat the public policy of the State of Florida prohibits the assignment of burial contracts by cemetery companies without the prior, express consent of the owners of such burial rights”; (2) specific performance against Hillcrest of the Certificate of Interment Rights containing a perpetual care and maintenance agreement, due to anticipatory breach of contract; (3) injunction against NCNB as trustee of the care and maintenance trust fund of Hillcrest because if the asset purchase were completed, trust funds will be under the control of Gibraltar; (4) injunction against the Department preventing it from issuing a license to Gibraltar to operate Palms until a final hearing was held (in the circuit court case); (5) petition for writ of mandamus/mandatory injunction against Lewis as head of the Department requiring him to deny Gibraltar’s application for failure to comply with pertinent rules; (6) prohibition against the DOAH hearing officer to require him to stay the administrative proceeding until the circuit court matter was concluded.
The Department and Hillcrest each filed motions to dismiss BET’s amended complaint. NCNB and the DOAH hearing officer did not file responses. In its motion to dismiss, the Department alleged (1) the issues raised in the complaint were not ripe for determination by the circuit court because of the pending administrative hearing; (2) BET failed to exhaust administrative remedies; BET had initiated the administrative proceedings and had raised essentially the same issues in each action, and there were no extraordinary circumstances to justify circuit court intervention; (3) BET failed to join Gibraltar, an indispensable party; (4) the action for mandamus was improper because the Department had not yet reached a final decision regarding the sale of the cemetery; (5) BET failed to state a cause of action sufficient for injunctive relief. In its motion to dismiss, Hillcrest alleged (1) BET failed to exhaust administrative remedies; (2) the claim for declaratory judgment was premature because the issues raised have not and may not ever occur because no contract has been breached; (3) the constitutional claims raised can be adjudicated by the administrative hearing officer. The circuit court dismissed BET’s amended complaint with prejudice in its entirety as to all parties “based on the policy grounds that plaintiff has failed to exhaust its administrative remedies.” The administrative hearing was held, orders issued, and the result is now pending on appeal in this court in Case No. 94-1144.
In this appeal, BET argues the trial court erred in dismissing the amended complaint because the doctrine of exhaustion of administrative remedies does not apply to causes of action which cannot be addressed in the administrative forum or to parties who are not involved in any related administrative matter. BET contends it is “primarily seeking recourse against parties not involved in any administrative proceeding regarding issues not before the hearing officer and not within the jurisdiction of the administrative forum,” i.e., issues involving private contract rights, *180 specifically the assignability without consent of the certificate of interment rights and related matters. The Department and Hill-crest assert that the issues raised in the administrative complaint and the complaint for declaratory relief are essentially the same or similar and, at best, the contract claims were premature and are not sufficient to justify suspension of the doctrine of exhaustion of administrative remedies.
While the nonadministrative issues set forth in the amended complaint'may have been raised prematurely, and thus the trial court did not err in dismissing the complaint for failure to exhaust administrative remedies, we believe the trial court erred in dismissing the entire complaint with prejudice. See Mrotek v. City of Boynton Beach, 600 So.2d 42 (Fla. 4th DCA 1992). The subject of the administrative proceeding was the Department’s approval of Gibraltar’s application for authorization to acquire control of an existing cemetery company, pursuant to chapter 497. Our review of the amended complaint for declaratory and other relief indicates there may be issues related to the contractual relationship between Hillcrest, which was not a party to the administrative action, and BET, specifically, the assignability of the certificate of interment rights, which could not have been resolved in the administrative forum. For that reason, dismissal should have been without prejudice. Of course, those issues which were or could have been decided in the administrative proceeding cannot be relitigated.
Affirmed in part and reversed in part and remanded for entry of an order consistent with this opinion.
SMITH and DAVIS, JJ., concur.